**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jeffrey SHIPMAN, Defendant-Appellant.**

No. 86CA0079.

Colorado Court of Appeals,
Div. I.

May 7, 1987.
Rehearing Denied June 11, 1987.
Certiorari Denied Nov. 30, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Y. Fullmer, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Jeffrey Shipman, was convicted upon jury verdicts of criminal mischief, driving under suspension, resisting arrest, and reckless endangerment. He appeals, asserting as grounds for reversal: 1) that the court abused its discretion in overruling the defendant's objections to the People's voir dire of the prospective jurors; 2) that the court abused its discretion by refusing to impose sanctions for a violation of the witness sequestration order by two of the People's witnesses; and 3) that the court erred in admitting hearsay statements in violation of the defendant's constitutional right to confront the witnesses against him. We affirm.

On April 17, 1984, the defendant was a customer at a club in Colorado Springs, and gave the manager a card with his name and address. He twice violated the Club's rules by taking off his shirt and shoes, and when he was asked to leave, he became belligerent and verbally aggressive as the doorman escorted him out. Less than a minute later, the defendant re-entered the lounge, continued his belligerent diatribe, and left, saying he would "wait for" the doorman outside. Approximately thirty seconds later, as the doorman was checking the identification of two other customers at the door, there was a loud crash, the door splintered, and the frame split. The doorman attempted to open the door, but it was jammed shut. No one witnessed the crash.

Shortly thereafter, police were dispatched to defendant's home to question him concerning the damage to the door. When they arrived there, defendant's vehicle, a white Scout, which had a damaged fender, was parked in the driveway, and defendant was arrested as he was leaving the vehicle.

At trial, the prosecutor questioned several jurors about their willingness to give the testimony of police officers additional credence because police officers' training and experience in observation exceeds that of the average person. After the prosecutor pursued this line of questioning with several jurors, defense counsel objected to it; the trial court overruled this objection and denied the request for a special limiting instruction.

Later in the trial, the trial court denied defense counsel's request for sanctions against two prosecution witnesses who had violated its sequestration order. It also allowed, over defense counsel's objection, a police officer to testify that he had been told by a man at the scene that a white Scout had backed away from the door of the club immediately after the crash.

I.

The defendant first contends that the prosecutor's voir dire concerning the credibility to be accorded police testimony was, in essence, an argument intended to educate or instruct the jury, and asserts that the trial court erred in overruling his objections. We agree that the voir dire was improper, but conclude that the defendant waived any objection thereto.

The only proper purpose of voir dire is to determine the bias or prejudice of a potential juror. *People v. Binkley*, 687 P.2d 480 (Colo.App.1984), *aff'd*, 716 P.2d 1111 (Colo.1986). Counsel may not use voir dire for the purpose of instructing or educating the jury. *Edwards v. People*, 160 Colo. 395, 418 P.2d 174 (1966). However, the propriety of questions to potential jurors is within the discretion of the trial court, and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *People v. Maestas*, 701 P.2d 109 (Colo.App.1985).

While conducting voir dire, the prosecutor asked a series of questions designed to educate the jurors to give greater credence to police officers' testimony because of their special training and experience. These questions were improper. However, the defendant did not object until this question was asked for the fifth time. This fact, coupled with defense counsel's failure to seek a mistrial, leads us to conclude that waiver occurred.

Moreover, the court carefully instructed the jurors on the weight and credibility to be given the evidence adduced. Absent any showing to the contrary, it is assumed that the jurors followed the court's instructions. *People v. Manners*, 713 P.2d 1348 (Colo.App.1985). The defendant has failed to show any prejudice, as required by *People v. Brewer*, 720 P.2d 583 (Colo.App.1985). Under these circumstances, we perceive no reversible error in the trial court's ruling.

## II.

The defendant also asserts that the court abused its discretion by refusing to impose a sanction or to give any instruction to the jury regarding a violation of the witness sequestration order. We do not agree.

Matters of witness sequestration, and any alleged violation thereof, fall within the trial court's sound discretion. *People v. Wright*, 678 P.2d 1072 (Colo.App. 1984). The exercise of that discretion will be reversed only upon a showing of abuse which is prejudicial to the defendant. *People v. Wright, supra.*

When the conversation between the prosecution's witnesses, one who had testified and one who had not, was brought to the court's attention, the defendant had a full opportunity to question the latter concerning the conversation. The witness testified that nothing specific to the testimony had been discussed. Indeed, he did not remember the details of the conversation. Under these circumstances we cannot say that the court abused its discretion.

## III.

Finally, the defendant urges this court to reverse his conviction because a police officer was allowed to testify as to hearsay, even though the People failed to show either that the evidence was admissible under an exception to the hearsay rule or that the declarant was unavailable. He further argues that the admission of this testimony violated his constitutional right to confront the witnesses against him.

The prosecution bears the burden of showing that proffered hearsay evidence falls within an exception to the hearsay rule or that the declarant is otherwise unavailable to testify. *People v. Dement*, 661 P.2d 675 (Colo.1983). The record shows that the People failed to meet this burden. Thus, the court erred in admitting the hearsay evidence. However, this error was harmless. *See Kurtz v. People*, 177 Colo. 306, 494 P.2d 97 (1972). The record shows that there was abundant evidence upon which the jury could find the defendant guilty, even without the challenged hearsay testimony.

When admission of hearsay evidence is challenged on constitutional grounds, the standard set out in *People v. Dement, supra*, applies:

"First, because the [confrontation] clause reflects a 'preference for face-to-face accusation,' a 'rule of necessity' applies, placing a burden on the prosecution either to produce the hearsay declarant for cross-examination or to demonstrate his unavailability. However, the burden on the prosecution to produce the declarant

for trial or to prove his unavailability applies only 'in the usual case,' and is subject to an exception when 'the utility of trial confrontation [is very] remote.' "

The utility of the confrontation here was extremely remote. The police had learned defendant's name and business address from the lounge owner, who had briefly conversed with the defendant and to whom the defendant had given a business card. The defendant was engaged in an argument with the lounge doorman before and after leaving the lounge, and the record shows that the police went to his home to question him only because of this earlier argument, and not because of the content of the hearsay statements.

Moreover, while at the defendant's home, the officers observed fresh damage to the fender of defendant's vehicle. White paint transfers were also observed on the damaged door of the club. Thus, even though the prosecution did not produce the declarant or demonstrate his unavailability, the admission of the hearsay statement was harmless error, and did not violate the defendant's constitutional rights so as to require reversal.

The judgments of conviction are affirmed.

PIERCE and KELLY, JJ., concur.