**Melinda Jane VILLANDRY, Plaintiff–Appellant,**

v.

**Mitchell GREGERSON, Defendant–Appellee.**

**No. 90CA0447.**

Colorado Court of Appeals, Div. V.

Dec. 19, 1991.

Callaway, Turner & Timmons, John Turner, Colorado Springs, for plaintiff-appellant.

Cleveland, Wengler & Robbins, P.C., Edward D. Cleveland, Daniel B. Stageman, Colorado Springs, for defendant-appellee.

Opinion by Judge DUBOFSKY.

In this negligence action to recover damages arising from an automobile collision, plaintiff, Melinda Jane Villandry, appeals the judgment entered against defendant, Mitchell Gregerson. Plaintiff contends the verdict is inadequate as a matter of law because the jury assessed her damages at zero. We affirm in part, reverse in part, and remand for a new trial.

Assessment of the damages to be awarded in a personal injury case is a matter within the sound discretion of the jury, and its determination will not be disturbed on review unless it is unsupported by the evidence in the record. *Smith v. Hoyer*, 697 P.2d 761 (Colo.App.1984).

Here, one of the jury instructions stated that in order for plaintiff to recover from defendant, she must prove she incurred injuries, damages, *and* losses that were caused by the defendant's negligence. That instruction further informed the jury that, if one of these three elements was not proven, then it was to fill out Verdict Form A.

Verdict Form A required the jury to answer yes or no to the following questions: (1) Did the plaintiff, Melinda Villandry, incur injuries, damages, or losses? (2) Was the defendant, Mitchell Gregerson, negligent? and (3) Was defendant's negligence a cause of plaintiff's injuries, damages, or losses?

Verdict Form A then states: "We the jury, having answered one or more of the above three questions 'no,' find the issues for the defendant, Mitchell Gregerson." Thus, Verdict Form A was to be filled out if the jury determined that the defendant should prevail on any of the three essential issues involved in the negligence claim, *i.e.*, negligence, causation, and injuries, damages, or losses.

Here, the jury filled out Verdict Form B which asked the same questions as Verdict Form A and was to be filled out only if the jury determined the plaintiff had proved all the essential elements of her negligence claim, *i.e.*, negligence, causation, and injuries, damages, or losses. Verdict Form B required an affirmative response from the jury to all three of these elements, but it differed from the carrying instruction in that it asked, did the plaintiff incur injuries, damages, *or* losses rather than injuries, damages, *and* losses. Furthermore, on Verdict Form B, there is a space for the jury to state the total amount of the plaintiff's damages caused by the negligence of the defendant. This is where the jury awarded the plaintiff zero damages.

For several reasons, plaintiff argues that the zero award of damages is improper. First, she claims that this determination is inconsistent with the findings made by the jury under the instructions. Plaintiff also contends that the determination is inconsistent with the evidence and concessions of the defendant.

■ Defendant responds there is no inconsistency because the jury could have determined that only the plaintiff's medical bills were appropriate damages and that, since they were paid under the No–Fault Act, plaintiff was not entitled to additional damages because such damages, if any, were *de minimis*. We conclude that the zero verdict award is inconsistent with the jury's determinations under the other instructions as well as the evidence in the case.

Here, an initial jury instruction, not objected to by defendant, stated that the plaintiff suffered injuries from this accident. Furthermore, the carrying instruction stated that the jury should only fill out Verdict Form B if it first determined that plaintiff had incurred injuries from defendant's negligence. Moreover, although plaintiff had some pre-existing injuries, the evidence strongly indicates that plaintiff suffered some new injuries from the accident at issue, particularly to her temporal mandibular joint. Thus, the existence of some physical injury to plaintiff is apparent, and the issue becomes whether there are circumstances here that would justify a zero verdict.

Certain damages which a person incurs in an automobile accident are paid as first-party benefits under the Personal Injury Protection (PIP) part of the Colorado No–Fault Act, *i.e.*, medical (including chiropractic and osteopathic), rehabilitation, loss of income, and essential services. *See* § 10–4–706, C.R.S. (1987 Repl.Vol. 4A). These damages are, of course, paid irrespective of the fault of the parties involved in the accident.

A party injured from an accident can sue the tortfeasor and receive damages in addition to those paid under the PIP provisions of the No–Fault Act if he or she meets at least one of the criteria set out in § 10–4–714(1), C.R.S. (1987 Repl.Vol. 4A), *i.e.*, dismemberment, permanent disability, permanent disfigurement, or a reasonable need for medical (chiropractic/osteopathic) or rehabilitation services having a reasonable value of at least $2,500.

A defendant who seriously questions whether a plaintiff has incurred injury beyond those covered by PIP benefits can test in court either the reasonable need for the medical bills or the existence of permanent disability or disfigurement. *See Roberts v. C & M Ready Mix Concrete Co.*, 767 P.2d 769 (Colo.App.1988). *See also CJI-Civ.3d* 11:19 (1988).

Here, by not contesting whether plaintiff met these threshold requirements, defendant has effectively conceded that the requirements were met, *i.e.* plaintiff has a permanent disability or has incurred $2,500 in reasonably necessary medical/rehabilitation expenses. In most instances, a defendant who does not contest whether plaintiff met the threshold requirements is also implicitly conceding other damages which are usually attendant to those necessarily involved in meeting the threshold, i.e., inconvenience, loss of time, etc.

■ We next turn to the issue of whether the answers given to these jury instructions also make the zero verdict improper.

Since the jury chose Verdict Form B, it must have initially determined that the plaintiff incurred injuries. Further, as noted, other instructions submitted to the jury established that the plaintiff incurred injuries from this accident.

Another instruction submitted to the jury states:

If you find in favor of the plaintiff, Melinda Villandry, you *shall award* as her actual damages, insofar as they have been proved by the evidence and insofar as they were caused by the defendant, Mitchell Gregerson's negligence, an amount which will reasonably compensate the plaintiff for her injuries, damages and losses, if any.

In determining such damages you shall consider the following: (1) any economic

losses or injuries incurred to the present time or which will probably be incurred in the future, including: pain and suffering; inconvenience; emotional stress; impairment of the quality of life; and loss of enjoyment of life ... (2) any economic losses incurred to the present time, or which will probably be incurred in the future, including: loss of earnings or impairment of earning capacity; reasonable and necessary medical, hospital, chiropractic and other expenses ... (3) any physical impairment. (emphasis added)

By the language "shall award," this instruction makes clear that the jury is obligated to make a damage award when any of the damages listed in the instruction are proved.

If, as here, a plaintiff is injured from an automobile accident and has incurred more than $2,500 in reasonably necessary medical bills and the jury fills out Verdict Form B which establishes the elements of negligence, causation, and injuries in plaintiff's favor, we determine that a jury verdict of zero is inconsistent with the other instructions and the evidence and, thus, cannot stand.

We, therefore, conclude that under the facts here, an award of some amount was necessary to compensate the plaintiff for her non-PIP damages, i.e., inconvenience and loss of time required to visit physicians, obtain rehabilitation and other treatment, as well as related emotional stress and pain.

If a party proves that they have incurred a certain kind of damages, *e.g.*, pain and suffering, the jury must compensate that party for such damages. *See Rine v. Isham*, 152 Colo. 411, 382 P.2d 535 (1963);

*Murrow v. Whiteley*, 125 Colo. 392, 244 P.2d 657 (1952). This doctrine applies to both economic and non-economic losses incurred by a plaintiff. *Murrow v. Whiteley, supra; Lynch v. Kuhlmann Investment Co.*, 93 Colo. 274, 25 P.2d 744 (1933).

Hence, the zero verdict is not logically sustainable under the evidence and the other jury findings and applicable instructions.

Defendant did not seriously contest that plaintiff had incurred pain, inconvenience, and emotional stress from her injuries. Rather, defendant claimed that these problems were all solely the result of a prior automobile accident. However, by its use of Verdict Form B, it is apparent that the jury ascribed some of these injuries to this accident, and thus, the jury verdict assessing zero damages was improper.

This was a rear-end collision and defendant has not cross-appealed the jury's determination of his negligence. Accordingly, retrial is necessary only as to damages and causation. *See Staples v. Langley*, 148 Colo. 498, 366 P.2d 861 (1961); *Murrow v. Whiteley, supra.*

The judgment is affirmed insofar as it found defendant liable to plaintiff. It is reversed as to the award of damages, and the cause is remanded for new trial on the issues of damages and causation.

REED and RULAND, JJ., concur.