**LEE'S MOBILE WASH and Thomas Southcott, Petitioners,**

v.

**James C. CAMPBELL, Respondent.**

**No. 92SC137.**

Supreme Court of Colorado, En Banc.

May 24, 1993.

John R. Rodman and Associates, Bradley Ross–Shannon, Denver, for petitioners.

Norton Frickey & Associates, P.C., Michael J. Harvey, Judd Golden, David S. Hoover, Lakewood, for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' reversal of zero noneconomic damages awarded to a motorist injured in an automobile accident when the jury found both causation and injury. The jury in this case, after assigning causation to the co-petitioners, Thomas Southcott and Lee's Mobile Wash, and finding injury to the respondent, James Campbell, proceeded to award "$0" in noneconomic damages to Campbell. In an unpublished opinion, the court of appeals reversed the jury award under the assumption that Campbell necessarily had incurred compensable, noneconomic damages because he had incurred more than $2,500.00 in medical expenses. We find the court of appeals' assumption to be in error as a matter of law and under the language of the jury instructions and the facts. We therefore reverse the judgment of the court of appeals and remand this case for proceedings consistent with this opinion.

## I.

In September 1987, Campbell was involved in an automobile accident with Southcott, an employee of Lee's Mobile Wash. While Campbell was stopped in traffic during rush hour, he was rear-ended by Southcott and, in turn, Campbell's vehicle struck the car in front of him. Campbell testified that, during the accident, his head hit both the rear window of the cab of his truck and the steering wheel, and he was unsure as to whether he momentarily lost consciousness. Tests given to him by emergency medical personnel on the scene did not indicate any injury. The following day, however, Campbell went to a hospital after experiencing some behavioral changes. X-rays, an EEG and a CAT scan conducted at that time as well as over the next several months revealed no evidence of injury to the brain. Due to alleged memory loss and personality changes, however, Campbell underwent psychological testing and therapy. Such therapy included discussions about Campbell's experience in Vietnam, as well as marital counselling during which sessions his wife was present.

Campbell filed an action against Southcott and Lee's Mobile Wash, asserting that, as a result of the accident, he suffered severe and permanent injury, primarily brain damage. At trial, he presented evidence as to his change in personality, although he personally had observed no such change, and loss of memory, as well as the treatment and therapy he had received. Southcott and Lee's Mobile Wash stipulated that Campbell's medical treatment totalled $6,421.39 and thus exceeded the statutory threshold of $2,500.00. They also presented expert testimony that Campbell's physical and psychological injuries were temporary in nature, that all the medical diagnostic tests given indicated no physical injury to his brain, and that observation by the Neurosurgery Department of Denver General Hospital revealed no neurological deficit. Furthermore, Campbell testified that he actually was earning more money subsequent to the accident than at the time thereof, and that he was claiming no loss of income. Additionally, he had no current physical problems.

The court directed a verdict in favor of Campbell on the issue of negligence, and the only issues for the jury to decide were causation and damages. As to these issues, the jury was instructed as follows:

### INSTRUCTION NO. 12

In order for the plaintiff, James Campbell, to recover from the defendants, Lee's Mobile Wash and Thomas Southcott, on his claim, you must find all of the following have been proved:

1. The plaintiff incurred injuries and damages;

2. The defendants' negligence was a cause of the plaintiff's injuries and damages.

If you find that any one of these two propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendants.

On the other hand, if you find that these two propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiff.

### INSTRUCTION NO. 14

If you find in favor of the plaintiff, James Campbell, you shall determine as his actual damages, insofar as they were caused by the defendants' negligence, an amount which, considering the nature and extent of his injuries if any, will reasonably compensate the plaintiff for:

1. Any noneconomic losses or injuries ... including: pain and suffering; inconvenience; emotional stress; and impairment of the quality of life;

2. Any reasonable and necessary medical expenses incurred by the plaintiff ... *except you must exclude* any medical expenses for his alleged physical and mental injuries which have been or will be incurred within five years after the accident, and which have not or will not in total exceed $50,000.00;

3. Any reasonable and necessary expenses incurred to the present time and any which will be incurred in the future for rehabilitation procedures ... *except*

*you must exclude* any rehabilitation expenses ... which have been or will be incurred within five years after the accident and which have not or will not in total exceed $50,000.00.

. . . . .

The reason the Court has instructed you to exclude certain amounts for any damages you may award for medical expenses, and rehabilitation expenses, is because the Plaintiff has received or is entitled to receive such amounts from other sources under the Colorado Auto Accident Reparations Act.

(Emphasis added). In deliberations, the jury filled out verdict form B, which required the jury to answer three questions. The form provides as follows:

We, the jury, present our Answers to Questions submitted by the Court, to which we have all agreed:

1. Did the plaintiff, James Campbell, incur injuries and damages? (yes or no)

2. Was the negligence of the defendants a cause of any of the injuries and damages claimed by the plaintiff? (yes or no)

If you find that the plaintiff did incur injuries and damages, and you further find that the defendants' negligence was a cause of any of the plaintiff's injuries and damages, then answer the following question:

3. State your answers to the following questions relating to the damages incurred by the plaintiff and caused by the negligence of the defendants:

a. What is the total amount of damages incurred by the plaintiff for noneconomic losses or injuries? Enter the figure "0", if you determine there were none.

b. What is the total amount of damages incurred by the plaintiff for physical impairment? Enter the figure "0", if you determine there was none.

To questions 1 and 2, the jury, finding both causation and damages, answered "yes." To question 3, however, the jury entered "0" for both parts (a) and (b).

Campbell then filed a motion for a new trial, asserting that the jury award was inconsistent with its findings as to injury and causation. Determining that there was dispute as to the extent of Campbell's injury, the trial court held that the award of "0" damages was consistent with the evidence presented by the defense at trial.

The court of appeals, however, disagreed with the trial court and remanded for a new trial on the issue of damages. *Campbell v. Lee's Mobile Wash,* No. 90CA1420 (Dec. 26, 1991) (not selected for publication). As its reason for doing so, the court of appeals stated that Campbell "had an injury which required at least $2,500 worth of medical/rehabilitation treatment. Apparently, there was inconvenience, stress, and some suffering connected with these injuries." The court of appeals went on to state that "the evidence indicates that [Campbell] had numerous treatment sessions to deal primarily with his injuries, an[d] this treatment time clearly constitutes an inconvenience or loss of time to him."

We granted the petition for certiorari filed by Lee's Mobile Wash and Southcott. Upon consideration of the jury instructions and evidence, we find that the court of appeals erred in assuming that compensable noneconomic damages were incurred as a matter of course due to the treatment of Campbell's alleged brain injury. There is record support for the jury's verdict, and therefore we reverse the judgment of the court of appeals.

## II.

In Colorado, the No Fault Act requires an insurer to provide direct benefits to an injured insured for medical costs arising out of a motor vehicle accident regardless of fault. The Act also precludes an injured driver of a motor vehicle from bringing a traditional tort action against another driver unless one of the following circumstances has occurred: (1) death; (2) dismemberment; (3) permanent disability; (4) permanent disfigurement; (5) reasonable need for medical services, the value of which exceeds $2,500.00; or (6) certain specified losses of earnings and earning

capacity. § 10–4–714(1), 4A C.R.S. (1992 Supp.). In this situation, Campbell has brought suit for noneconomic damages based upon the fact that his medical expenses surpassed the $2,500.00 statutory threshold, with actual costs amounting to $6,421.39.

The court of appeals, here and previously, seemingly has found compensable noneconomic damages to be necessarily attendant upon the meeting of the $2,500.00 threshold by an injured plaintiff regardless of the evidence which may be presented at trial. It apparently would require at least a nominal award of noneconomic damages in every threshold case. *See Villandry v. Gregerson*, 824 P.2d 829 (Colo.App.1991). In *Villandry*, the court stated, "In most instances, a defendant who does not contest whether plaintiff met the threshold requirements is also implicitly conceding other damages which are usually attendant to those necessarily involved in meeting the threshold, i.e. inconvenience, loss of time, etc." *Id.* at 831.

This statement by the court of appeals is an unwarranted assumption. Under this view, almost every plaintiff claiming physical injury also will be able to recover compensable noneconomic damages without further proof—either the factual determination of whether such damages have even been incurred is taken away from the jury or the defendant is subject to a heavy burden of proof which it before did not have to sustain. We do not approve of such a presumption with its concomitant erosion of the jury's responsibility, nor of the shifting of the burden of proof to the defendant. The fact that a plaintiff may or should be able to prove noneconomic losses in many or most cases in which the threshold for medical expenses has been reached does not mean that the plaintiff actually will prove or has proven noneconomic damages in any particular case. Circumstances vary as does the proof presented in each case.

Moreover, the court of appeals' reasoning is likely to have the unintended consequence of encouraging needless litigation. What defendant will be willing to stipulate

to the medical expenses (as the petitioners here did) if the defendant knows that stipulation automatically results in the award of noneconomic damages to the plaintiff? To pose the question is to answer it. The court of appeals' rule provides a real disincentive to efforts by the parties to narrow the issues for trial.

■ In our view, the court of appeals should not substitute its opinion of what damages are appropriate for that of the jury, except under special circumstances. We have previously stated:

[M]ere disagreement with the amount of damages awarded is not a sufficient ground to overturn an award of damages which is supported by competent evidence in the record ... It is the sole province of the jury to fix fair and just damages ... Only upon a showing of arbitrary or capricious jury action, or that the jury was swayed by passion or prejudice, should an appellate court overturn a jury verdict.

(Cites omitted). *Morrison v. Bradley*, 655 P.2d 385, 388 (Colo.1982). In this case, none of the parties has alleged such bias or prejudice. The contention accepted by the court of appeals is that, given the evidence, Campbell is entitled to an award for noneconomic damages.

■ Contrary to the court of appeals, however, we do not find the evidence to be so clear that Campbell is entitled to such an award. Since the evidence is conflicting, a reviewing court should not disregard the jury's verdict, which has support in the evidence, in favor of its own view of the evidence. Rather, the court's duty is to reconcile the verdict with the evidence if at all possible. If there is any basis for the verdict, it will not be reversed for inconsistency. *See City of Aurora v. Loveless*, 639 P.2d 1061, 1063 (Colo.1981). Here, when the evidence at trial is viewed in the light most favorable to the verdict, it is clear that the verdict is a reasonable one and not one inadequate as a matter of law.

Although the court of appeals in *Villandry*, 824 P.2d at 831 suggested that a plaintiff necessarily incurred damages, such as inconvenience or loss of time in reaching

the $2,500.00 threshold for medical expenses, no evidence of that type of damage was presented.

The extent and nature of Campbell's brain injury, however, were hotly disputed at trial. Three psychologists, including a neuro-psychologist, testified for Campbell that he suffered mild to moderate cerebral dysfunction caused by the accident. These experts found Campbell had significant memory deficit, anger and mild depression. They also opined that he was not malingering and that he made sufficient efforts to validate the psychological tests he had taken. Several lay witnesses, including both Campbells, testified about the negative changes they had observed in Campbell's memory and personality after the accident.

Petitioners' expert witness, a psychiatrist, testified that Campbell had some minor to mild brain impairment from the car accident. According to the expert, mild impairment means that the injured person experienced a period of unconsciousness or post-traumatic amnesia lasting between thirty minutes and twenty-four hours. Because Campbell scored a perfect score on a diagnostic test given to him shortly after the accident, the jury reasonably could have concluded that Campbell's impairment due to the accident lasted only minutes and was *de minimis*. The psychiatrist found no disability at the time he examined Campbell. There was substantial evidence that Campbell's mental ability was impaired long prior to the accident as indicated by his poor performance in high school. The evidence also suggested that Campbell's symptoms could be caused or exacerbated by several other factors including job stress, familial stress, a period of heavy alcohol use, an earlier motorcycle accident, his experiences as a soldier in Vietnam and prior psychological problems.

It is clear that Campbell suffered some injury requiring medical treatment, resulting in medical bills. It also was shown at trial that Campbell's truck was damaged in the accident. The jury could easily have found that Campbell was "injured" in terms of the jury instructions, and such injury was clearly "caused" by Southcott.

The jury was instructed that these types of costs, up to the $50,000.00 statutory limit, were to be excluded from the determination of compensable damages. Given the dispute as to the nature and duration of Campbell's cognitive impairment, as well as the fact that Campbell was in a better financial situation at the time of trial than at the time of his accident and subject to no physical impairment, it is possible that the jury determined Campbell had not suffered any compensable noneconomic damages, despite the economic damages accrued.

Campbell argues that the primary jury instruction mandated some sort of award for damages, since it reads as follows: "If you find in favor of the Plaintiff, James Campbell, you *shall* determine as his actual damages" the amount which will compensate for noneconomic losses or injuries including "pain and suffering; inconvenience; emotional stress and impairment of the quality of life ..." (emphasis added). What Campbell assumes, like the court of appeals, is that once physical injury and causation are proved, noneconomic damages are proven as well and must be compensated. He also assumes that his injuries—both economic and noneconomic— have been proven. Thus, he argues that the jury failed to follow the Court's instructions regarding damages, and the verdict cannot stand. *See Rine v. Isham,* 152 Colo. 411, 382 P.2d 535 (1963). As shown above, however, the jury reasonably could conclude that noneconomic injuries were not proven. Moreover, we note that the mandated "shall determine" does not necessarily require an affirmative award of damages. The jury was required to award noneconomic damages only if the damages were caused by the petitioners' negligence. Thus it was possible for the jury to find under the instructions given that *no* compensable noneconomic losses or injuries were suffered.

Because there is evidence in the record to support the jury award of zero noneconomic damages, we reverse the judgment of the court of appeals and remand this case

for proceedings consistent with our opinion. *Villandry*, 824 P.2d 829, is overruled.