23CA1282 Medina v Trax 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1282
El Paso County District Court No. 21CV30937
Honorable Michael P. McHenry, Judge

Kenneth Medina,

Plaintiff-Appellant and Cross-Appellee,

v.

Trax Construction, Inc.,

Defendant-Appellee and Cross-Appellant.

JUDGMENT AND ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Kenneth Medina, Pro Se

Lambdin & Chaney, LLP, L. Kathleen Chaney, Amber F. Ju, Denver, Colorado,
for Defendant-Appellee

¶ 1     This case arose out of an automobile accident in which one of defendant Trax Construction, Inc.'s employees, driving a truck within the course and scope of his employment, rear-ended plaintiff Kenneth Medina's truck.  A jury found Trax 100% responsible for its employee's negligence.  It awarded Medina $220,118 — $120,000 for noneconomic losses and $100,118 for economic losses.

¶ 2     Medina appeals the judgment the court entered on the jury's verdict.  Specifically, he argues that the jury's damages award of $220,118 is inadequate, due to several causes, and he asks us to either award him $8,000,000 or order a new trial on damages.  Trax cross-appeals the district court's order awarding it costs, arguing that the court improperly reduced its requested award.  We affirm the judgment and the order.

I.     Medina's Appeal/Inadequate Damages

¶ 3     Medina contends on appeal that (1) the court improperly instructed the potential jurors on the role of insurance; (2) jury selection was tainted by racial bias; (3) the court erred by admitting evidence that he filed a bankruptcy case before the accident; (4) the court erred by allowing Trax's non-party designation out of time; (5)

the court erred by denying his counsel's motion for mistrial; and (6) the jury's damages award was inadequate in light of the evidence.

### A. Unpreserved and Belated Contentions

¶ 4 Several of Medina's contentions on appeal are unpreserved or come too late. We deal with each as follows.

¶ 5 Medina contends that the district court erred by inadequately instructing the potential jurors on the role of insurance. But after a potential juror asked why insurance wouldn't cover Medina's injuries, Medina's counsel asked the judge to simply instruct the jurors that they "can't consider it." That's what the court then did: it told the prospective jurors that the "role of insurance shall play no role in your deliberations." Thus, any error in giving this instruction or in failing to give a differently worded instruction (and we don't see any) was invited, and we won't consider this contention. *See Day v. Johnson*, 255 P.3d 1064, 1067-68 (Colo. 2011) (the invited error doctrine bars a party's claim of error based on an instruction tendered by that party); *People v. Jacobson*, 2017 COA 92, ¶¶ 49-52 (invited error doctrine barred consideration of

claim that the court erred in responding to a juror's question because counsel participated in formulating the response).[1]

¶ 6      To the extent Medina contends that the court didn't adequately respond when certain jurors mentioned the issue, that contention isn't preserved because his counsel didn't object or propose any response beyond what the court gave.  Therefore, we won't consider that contention either.  *Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) (the appellate court won't consider an issue raised for the first time on appeal).

¶ 7      Medina contends that jury selection was tainted by racial bias because, although there were potential jurors who were Hispanic, none of them served on his jury.  He also challenges the relatively low percentage of Hispanic jurors in the jury pool.  But again, Medina's counsel didn't raise these issues at trial.  Therefore, we

---

[1] Earlier during voir dire, the court asked the prospective jurors whether any of them were officers, directors, or policyholders of two insurance companies.  The court did so with Medina's attorney's express blessing.  Thus, Medina waived any argument that asking this question was error.  *See People v. Shipman*, 747 P.2d 1, 2-3 (Colo. App. 1987) (even if a voir dire question is improper, failure to object waives the issue).

won't consider them. *See Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21; *see also People v. Valera-Castillo*, 2021 COA 91, ¶ 18 (a *Batson* challenge must be raised while stricken jurors remain available to be reseated). We also observe that Medina's counsel successfully challenged for cause prospective juror Pini, one of the Hispanic individuals whom Medina now says should have served, so any contention that Pini should have served is barred as invited error. *See Day*, 255 P.3d at 1067-68. Although prospective juror Prada, another Hispanic individual, was excused by means of a peremptory challenge, the record doesn't show which side struck him. In any event, Medina's counsel didn't preserve his argument regarding these prospective jurors because his counsel didn't object to their removal.

¶ 8      Medina argues for the first time in his reply brief that the district court erred by denying his counsel's motion for a mistrial after Trax's counsel's opening statement, in which defense counsel showed the jury a stipulated exhibit that contained the name of the

law firm that previously represented Medina.[2]  Though Medina mentioned the purported mistrial request in his opening brief, he didn't argue in that brief that the court erred by denying his motion.  We don't consider undeveloped and unsupported arguments.  *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC,* 2020 COA 34, ¶ 41 n.12, *aff'd,* 2021 CO 56.  And we don't consider arguments raised for the first time in a reply brief.  *Meadow Homes Dev. Corp. v. Bowens,* 211 P.3d 743, 748 (Colo. App. 2009).

¶ 9     In his reply brief, Medina contends that the court erred by allowing testimony (his own, in response to a question by defense counsel) that he filed for bankruptcy protection in 2017.  But again, we won't review this contention because Medina didn't raise it in his opening brief.  *IBC Denver II, LLC v. City of Wheat Ridge,* 183 P.3d 714, 717-18 (Colo. App. 2008).

---

[2] Initially at least, Medina's counsel objected not to the exhibit per se, but to Trax's attorney telling the jury that prior counsel had referred Medina to a particular doctor after Medina's treating physician didn't diagnose him with neck or back problems.  The court sustained that objection.  The next day of trial, Medina's counsel sought to withdraw his stipulation to the exhibit.

## B. Non-Party Designation

¶ 10    Medina contends that the district court erred by granting Trax's non-party designation out of time. But Medina suffered no harm from the designation because the jury didn't apportion any fault to the non-party; it apportioned 100% of the fault to Trax. *See Vanderpool v. Loftness*, 2012 COA 115, ¶ 31 (any error in allowing certain testimony on the amount of the plaintiff's damages was harmless because the jury found against the plaintiff on causation); *Dunlap v. Long*, 902 P.2d 446, 448 (Colo. App. 1995) ("[A] jury determination that a plaintiff has suffered no injury or damage renders harmless any error relating solely to the issue of liability."); C.R.C.P. 61 (the court must "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"); C.A.R. 35(c) ("The appellate court may disregard any error or defect not affecting the substantial rights of the parties.").

## C. Evidence of Damages

¶ 11    Medina contends that the jury's damages award was manifestly inadequate based on the evidence presented. We disagree.

### 1. Standard of Review

¶ 12 "The amount of damages is within the sole province of the jury, and an award will not be disturbed unless it is completely unsupported by the record." *D.R. Horton, Inc.-Denver v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1274 (Colo. App. 2009) (quoting *Jackson v. Moore*, 883 P.2d 622, 625-26 (Colo. App. 1994)); *accord Averyt v. Wal-Mart Stores, Inc.*, 265 P.3d 456, 462 (Colo. 2011). "[T]he court of appeals should not substitute its opinion of what damages are appropriate for that of the jury, except under special circumstances." *Lee's Mobile Wash v. Campbell*, 853 P.2d 1140, 1143 (Colo. 1993) (such circumstances are those showing "arbitrary or capricious jury action" or that "the jury was swayed by passion or prejudice"); *see Gonzales v. Windlan*, 2014 COA 176, ¶ 38.

### 2. Analysis

¶ 13 In *Gonzales*, the plaintiff presented evidence that she suffered spinal injuries resulting from a car crash, along with testimony of long-term damages. *Gonzales*, ¶¶ 3-7. To rebut this, the defendant presented evidence that the plaintiff had a pre-existing spinal condition. *Id.* at ¶ 5. The jury awarded economic damages but no

7

noneconomic damages or damages for physical impairment. *Id.* at ¶ 7. A division of this court concluded that there was ample evidence to support the jury's award of zero noneconomic damages because the jury heard testimony that there was little causation between the car crash and the plaintiff's injuries, and that her long-term health problems were attributable to her pre-existing condition. *Id.* at ¶¶ 40-41.

¶ 14    Similarly, Trax contested liability and damages at trial and presented testimony from its witnesses and other evidence supporting the jury's damages award. For example, Dr. Andrew Castro testified that he had reviewed Medina's medical history, and it was his opinion that Medina's surgeries were unrelated to the car crash. Indeed, the record demonstrates that both liability and damages were hotly contested at trial. Though Medina asks us to reweigh the evidence, that isn't our role. *Lee's Mobile Wash*, 853 P.2d at 1143; *IBC Denver II,* 183 P.3d at 719.

¶ 15    In sum, we see no basis to set aside the jury's award of damages.

## II.    Trax's Cross-Appeal/Costs Award

¶ 16    Finally, we address — and reject — Trax's contention on cross-appeal that the district court erred by awarding costs in an amount $17,800 less than what it had been charged by one of its expert witnesses.

### A.    Additional Facts

¶ 17    Before trial, Trax served Medina with a $1,000,000 settlement offer pursuant to section 13-17-202, C.R.S. 2024.  The court entered a judgment in Medina's favor for less than $1,000,000.  Trax moved for $128,414.53 in post-offer costs, but the district court awarded it only $92,525.53.  Trax specifically challenges the court's award of $15,000 in costs for Dr. Bruce Morgenstern's work on the case, rather than the full $32,800 that Dr. Morgenstern charged Trax.

### B.    Standard of Review and Applicable Law

¶ 18    We review a district court's award of costs for an abuse of discretion.  We therefore won't reverse the court's award unless it was manifestly arbitrary, unreasonable, or unfair.  *Gallegos Fam. Props., LLC v. Colo. Groundwater Comm'n*, 2017 CO 73, ¶ 37; *Danko v. Conyers*, 2018 COA 14, ¶ 68.

¶ 19     Section 13-17-202(1)(a)(II) provides, in relevant part, as follows:

> If the defendant serves an offer of settlement in writing at any time more than fourteen days before the commencement of the trial that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

¶ 20     Section 13-17-202(1)(b) defines "actual costs."

> For purposes of this section, "actual costs" . . . shall mean costs actually paid or owed by the party, or his or her attorneys or agents, in connection with the case, including but not limited to filing fees, subpoena fees, *reasonable* expert witness fees, copying costs, court reporter fees, reasonable investigative expenses and fees, reasonable travel expenses, exhibit or visual aid preparation or presentation expenses, legal research expenses, and all other similar fees and expenses.

(Emphasis added.)

## C.    Analysis

¶ 21     Trax argues that the court abused its discretion because it cited no authority suggesting that Dr. Morgenstern's fees were unreasonable.

10

¶ 22   But the court explained why it reduced Dr. Morgenstern's costs after considering Dr. Morgenstern's experience, the materiality of his testimony, and the complexity of the work done. The district court said that the amount Trax paid Dr. Morgenstern was markedly higher than the amount Trax paid to the other medical doctors who testified in the case. It noted that tasks for which Dr. Morgenstern billed Trax could have been performed by someone other than a medical doctor charging $600 an hour. To illustrate, the court referenced Dr. Morgenstern's $8,000 charge to create a PowerPoint presentation.

¶ 23   We don't see any reason to second guess the district court's conclusion. The court sufficiently explained the basis for its award, and Trax hasn't established any abuse of discretion in the court's methodology. *See Hudak v. Med. Lien Mgmt., Inc.*, 2013 COA 83, ¶ 8 (In determining whether a district court abused its discretion, "we do not consider whether we would have reached a different result, but only whether the district court's decision fell within the range of reasonable options.").

### III.   Disposition

¶ 24   The district court's judgment and order are affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.