James Rudd PYLES–KNUTZEN and
Wendy C. Kidder,
Plaintiffs–Appellees,

v.

The BOARD OF COUNTY COMMIS-
SIONERS OF the COUNTY OF
PITKIN, Defendant–Appellant.

No. 88CA0218.

Colorado Court of Appeals,
Div. I.

Aug. 31, 1989.

Rehearing Denied Sept. 28, 1989.

Wood, Ris & Hames, P.C., Mark R. Davis, Denver, for plaintiffs-appellees.

Long & Jaudon, P.C., Dennis W. Brown, Carol A. Chambers, Denver, for defendant-appellant.

Opinion by Judge NEY.

This action arose out of a traffic accident in which a shuttle bus owned and operated by Pitkin County struck the vehicle occupied by plaintiffs, James Rudd Pyles–Knutzen and Wendy C. Kidder. Defendant appeals the judgment entered on a jury verdict in favor of plaintiffs. We affirm.

## I

Defendant initially contends the trial court erred during voir dire in granting plaintiffs' challenges for cause against three prospective jurors without allowing defendant an opportunity to question the potential jurors. We disagree.

The purpose of voir dire examination is to enable counsel to determine whether any prospective jurors possess beliefs that would cause them to be biased in such a manner as to prevent a party from obtaining a fair and impartial trial. *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974). The decision to grant or deny a challenge for cause involves essentially a factual determination as to whether there is sufficient reason to question a prospective juror's ability to act as an impartial fact finder. *Blades v. DaFoe*, 704 P.2d 317 (Colo.1985); C.R.C.P. 47(e)(7). A trial court is accorded broad discretion in ruling on a challenge for cause, and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *People v. Shipman*, 747 P.2d 1 (Colo.App.1987).

Here, the trial court properly excused three prospective jurors who exhibited a predisposition toward one side of the lawsuit. Mr. B stated that he was prejudiced against people who bring lawsuits, and that he was reluctant to award damages unless a plaintiff was completely incapacitated. Mr. F stated that he had a natural bias toward defendants in auto accident cases, and that he was unsure whether he could be fair or impartial. Mr. H stated that he had strong feelings against the plaintiffs, and that he could not disregard those feelings in a trial.

These statements created sufficient doubt whether these prospective jurors could act as impartial fact finders. Therefore, we conclude the trial court did not abuse its discretion in dismissing the potential jurors without allowing defendant to question them.

## II

Defendant next contends the trial court erred in admitting the testimony of a state

patrolman regarding his investigation of the accident. Defendant argues that the patrolman's testimony should have been excluded because he was not endorsed prior to trial as an expert witness and he was not qualified to express an opinion about the manner in which the accident occurred. We disagree.

■ The sufficiency of evidence to establish the qualification and knowledge of a witness to express an opinion based upon physical facts he has observed is a question for the trial court and is not subject to reversal unless clearly shown to be erroneous. *Wise v. Hillman*, 625 P.2d 364 (Colo. 1981).

■ Here, defendant was duly notified that the patrolman would testify at trial and that his accident report would be introduced as an exhibit. The record reveals that the patrolman's testimony was limited to matters contained in his accident report, and that his opinions were based on his experience, training, and actual observations. We therefore conclude the trial court did not err in admitting this testimony.

### III

■ Defendant asserts the trial court erred in admitting a medical record which indicated that plaintiff Kidder had received treatment at a hospital emergency room approximately fourteen months after the accident. Defendant argues that the medical record was inadmissible because plaintiff failed to present testimony of a physician to authenticate the hospital record. However, immediately prior to the admission of the medical report, plaintiff had testified, without objection, regarding the emergency room treatment. Since the substantive facts contained in the medical report had already been established by plaintiff's testimony, any error in the admission of the report was harmless. *See* CRE 103(a); *Hansen v. Lederman*, 759 P.2d 810 (Colo.App.1988).

### IV

Defendant next contends the trial court erred in admitting a summary of medical bills incurred by plaintiff Kidder. Defendant argues this evidence should have been excluded because plaintiffs failed to present expert testimony to establish that the injuries for which Kidder was treated were directly attributable to the accident. We disagree.

■ Under CRE 1006, prior to admission of a summary, the offering party must lay a foundation for, or the parties must stipulate to, the admissibility of the underlying material. *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App. 1983). It is a condition precedent to the admission of the summary that the originals or duplicates of underlying material must be made available for examination by other parties so that prior to trial the other parties may verify the accuracy of the summary and prepare for cross-examination. *International Technical Instruments, Inc., supra.*

■ There is no claim made by defendant that plaintiff failed to provide the originals or duplicates of the underlying materials. Also, the summary was duly listed in plaintiff's trial data certificate, and defendant failed to make a timely objection. Therefore, under C.R.C.P. 121 § 1–18(1)(b), then in effect, the authenticity of the medical record must be deemed admitted. *See AAA Crane Service, Inc. v. Omnibank University Hills, N.A.*, 723 P.2d 156 (Colo.App.1986).

### V

■ Defendant claims the trial court should have declared a mistrial following the disclosure to the jury by the attorney for plaintiff Kidder that Kidder had given birth during the trial and that the delivery had been by caesarean section. We disagree.

■ The determination whether the misconduct of counsel warrants a mistrial is a matter within the discretion of the trial court, and the court's ruling will not be

disturbed absent an abuse of such discretion. *Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185 (1965).

Here, counsel for plaintiff Kidder made the following statement to the jury:

"Ladies and gentlemen, last Friday during the court proceedings, Wendy's baby slipped from the head down position to the up position, breach position, and because of that she had a caesarean section last night, and because of that she will not be able to attend the rest of the trial proceedings. I hope that will have no effect on your decision in this case."

Later in the day, defendant moved for a mistrial. The trial court found that, while the statement went beyond the statement authorized by the court to explain the absence of Kidder, the deviation was inadvertent and not serious enough to warrant a mistrial. At defendant's request, the trial court presented a curative instruction for the jury.

Under these circumstances, we perceive no abuse of discretion in the trial court's denial of defendant's motion for a mistrial. *See Mayer v. Sampson, supra.*

## VI

■ Defendant next contends the trial court erred in refusing to admit a medical report concerning an injury sustained by plaintiff Kidder prior to the accident. Defendant contends that this report, which was obtained by defendant during the trial, would have rebutted plaintiff Kidder's testimony that she was unable to exercise because of injuries sustained in the accident. We disagree.

Upon discovering the medical record in question, defendant requested that the document be introduced on its own merit or, in the alternative, that the trial court declare a mistrial as a sanction for plaintiff's failure to produce the medical record in response to discovery requests.

The trial court ruled that there had been no failure by plaintiff to provide discovery, since the discovery requests were directed to treatment received as a result of this accident, and denied defendant's motion for

a mistrial. The court also ruled that the report was not admissible because there was not sufficient authentication to meet the requirements of CRE 901.

■ The question whether a proper foundation has been established for the admission of a documentary exhibit is a matter within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of discretion. *See Ross v. Colorado National Bank*, 170 Colo. 436, 463 P.2d 882 (1969). As defendant was unable to establish a proper foundation, the trial court did not abuse its discretion in refusing to admit the medical report.

## VII

■ Defendant argues that the testimony of plaintiff Pyles–Knutsen's treating physician regarding the permanency of plaintiff's injuries should not have been admitted because this testimony went beyond the endorsement in plaintiff's trial data certificate. We disagree.

Plaintiff's trial data certificate listed the physician as an expert, and stated that he would testify "concerning his care and treatment of plaintiff ... as reflected in medical records previously provided...."

Shortly before trial, plaintiff scheduled a deposition to preserve the physician's trial testimony. During the deposition, the physician stated that, based on his review of a report prepared by an independent medical examiner, he believed plaintiff's symptoms would continue into the future.

The admission of this testimony was a matter within the discretion of the trial court, and we conclude there was no abuse of discretion in the receipt of this testimony. *See Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

## VIII

■ Defendant next contends the trial court erred in allowing plaintiff Pyles–Knudsen to testify that his injuries caused a decrease of twenty percent in his earn-

ings as a salesman. This contention is without merit.

On direct examination, plaintiff testified that the injuries he suffered in the accident affected his ability to deal with customers, limited his ability to follow up on sales, impeded his ability to carry multiple lines of products, and required him to hire others to perform some of his duties. Plaintiff was then asked to state as a percentage the effect the injuries had on his income prior to trial.

Defendant objected on the ground that plaintiff was not qualified to render an expert opinion. The trial court overruled the objection, and plaintiff testified that the injuries had resulted in probable reduction of twenty percent in his effectiveness as a salesman.

Plaintiff's counsel then inquired whether the injuries had caused a twenty percent decrease in what plaintiff would have earned prior to trial and in his future earning capacity. Plaintiff testified without objection that the twenty percent figure would be his best estimate.

■■■ The determination of whether a witness is qualified to render an opinion is a matter committed to the sound discretion of the trial court, and that determination will not be disturbed on review absent a clear showing of abuse. *People v. Gomez*, 632 P.2d 586 (Colo.1981). Here, plaintiff's estimate of the reduction of his earnings prior to trial was admissible under CRE 701, since it was based on his own perception and it assisted in the determination of a fact in issue. We note there was no objection to the question regarding plaintiff's future earning capacity, and therefore, we do not address that issue on appeal. CRE 103(a)(1); *Hancock v. Department of Revenue*, 758 P.2d 1372 (Colo. 1988).

## IX

■■■ Defendant next contends it was error to instruct the jury that a violation of the careless driving statute, § 42–4–1204, C.R.S. (1984 Repl.Vol. 17), constitutes negligence *per se*. Defendant argues plaintiffs were not entitled to this instruction because they failed to prove at trial that they were members of the class the statute was intended to protect or that their injuries were of the type the statute was enacted to protect. This contention is without merit.

■■■ Negligence *per se* serves to establish the existence of the defendant's breach of a legally cognizable duty owed to the plaintiff. *Largo v. Crespin*, 727 P.2d 1098 (Colo.1986). The violation of a safety statute regulating the use of roadways is evidence of negligence. *See Reed v. Barlow*, 153 Colo. 451, 386 P.2d 979 (1963). Thus, a violation of § 42–4–1204 conclusively establishes negligence, and the instruction submitted to the jury was proper.

## X

■■■ Defendant next contends the trial court erred in ruling that plaintiff Pyles–Knutsen met the threshold requirement of § 10–4–714(1), C.R.S. (1987 Repl.Vol. 4A).

Plaintiff testified that he had incurred over $7,000 in medical bills for treatment of injuries sustained in the accident. This testimony was admissible as evidence of the reasonable value of the medical services rendered. *Kendall v. Hargrave*, 142 Colo. 120, 349 P.2d 993 (1960). As defendant introduced no evidence to show that these medical services were unreasonable or unrelated to the accident, the trial court correctly ruled that plaintiff had met the threshold requirement of § 10–4–714(1).

## XI

Defendant next contends the trial court erred in instructing the jury regarding the aggravation of a pre-existing condition. Defendant failed to object to this instruction; therefore, we decline to review this issue on appeal. C.R.C.P. 51.

## XII

Defendant contends the jury's $190,000 verdict for plaintiff Pyles–Knutzen was grossly excessive and unsupported by the evidence. We disagree.

The determination of damages is within the sole province of the jury and will not be disturbed on review unless the verdict is so grossly and manifestly excessive as to indicate passion or prejudice. *Lamont v. Union Pacific R.R.*, 714 P.2d 1341 (Colo.App. 1986).

After review of the record, we conclude the jury verdict is supported by the evidence. Accordingly, the jury's finding is binding on appeal. *Vigil v. Pine*, 176 Colo. 384, 490 P.2d 934 (1971).

### XIII

Defendant also claims the trial court erred in granting plaintiff Kidder's motion for a directed verdict on the issue of joint venture. We disagree.

The record indicates defendant failed to introduce any evidence that plaintiff had any right of control of the vehicle at the time of the accident. Therefore, the trial court was correct in entering a directed verdict on this issue. *See Seal v. Lemmel*, 140 Colo. 387, 344 P.2d 694 (1959).

### XIV

Defendant next claims the court was precluded from entering judgment in an amount greater than that indicated in the notice of claim filed by plaintiffs pursuant to § 24-10-109, C.R.S. (1988 Repl.Vol. 10). We disagree.

Section 24-10-109 provides that any person claiming to have suffered an injury by a public entity must file within 180 days after discovery of the injury, regardless of knowledge of all the elements of the claim, a written notice indicating, *inter alia*, the nature and extent of the injuries and the requested damages. One purpose of the notice is to provide the public entity with an opportunity to determine its liability and settle meritorious claims. *Forrest v. Board of County Commissioners*, 629 P.2d 1105 (Colo.App.1981).

The limitations on judgments that may be awarded against public entities are set forth in § 24-10-114(1); C.R.S. (1988 Repl. Vol. 10A). There is no indication in the statute of a legislative intent to further limit the damages recoverable by tort victims to the amount requested in the notice required by § 24-10-109. Furthermore, to read such an exception into § 24-10-114(1) could lead to an absurd and inequitable result, since the 180-day time limit for filing the notice begins to run from date of the discovery of the injury, regardless of whether the damage element of the claim has fully matured. *Morrison v. City of Aurora*, 745 P.2d 1042 (Colo.App.1987). Accordingly, we conclude that the limits set forth in § 24-10-114(1) operate independently of the amount of damages requested under § 24-10-109.

Judgment affirmed.

PIERCE and VAN CISE,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3),

and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).