**Linda JORGENSEN and Daniel Jorgensen, Plaintiffs–Appellants and Cross–Appellees,**

v.

**Richard Harold HEINZ, a/k/a Richard Harold Williams, Defendant–Appellee and Cross–Appellant.**

**No. 91CA1162.**

Colorado Court of Appeals,
Div. III.

Aug. 13, 1992.

Rehearing Denied Sept. 24, 1992.

Certiorari Denied March 15, 1993.

Grant, Bernard, Lyons & Gaddis, P.C., H. William Sims, Jr., Bradley A. Hall, Longmont, for plaintiffs-appellants and cross-appellees.

Sommermeyer, Wick, Dow & Campbell, Robert N. Clark, Fort Collins, for defendant-appellee and cross-appellant.

Opinion by Judge ROTHENBERG.

Plaintiffs, Linda G. and Daniel S. Jorgensen, appeal from the judgment entered on a directed verdict for defendant, Richard Harold Heinz. Defendant cross-appeals the trial court's order awarding him only his reasonable costs. We affirm.

In March 1990, plaintiffs were driving in a car that was struck from behind by a car driven by defendant. Plaintiffs sued defendant, claiming they sustained injuries in the accident. At trial, both plaintiffs testified that they had sustained back and neck injuries in the accident and that they had seen a number of doctors. However, plaintiffs did not present any medical testimony concerning the amount of their medical bills or whether the bills were reasonable.

At the close of the plaintiffs' case-in-chief, defendant moved for a directed verdict contending, in part, that plaintiffs had failed to meet the statutory threshold requirements of § 10-4-714(1), C.R.S. (1987 Repl.Vol. 4A). The court agreed with defendant and granted his motion for directed verdict.

Defendant then filed a bill of costs. After a hearing, the court awarded defendant only those costs it found reasonable and disallowed his other costs.

## I.

In challenging the directed verdict for defendant, plaintiffs first contend that the trial court erred in finding that they had not met the threshold requirements of § 10-4-714(1). We disagree.

A trial court may grant a motion for a directed verdict only in the clearest of cases. Indeed, a motion for directed verdict should be granted "only when the evidence has such quality and weight as to point strongly and overwhelmingly to the fact that reasonable [persons] could not arrive at a contrary verdict." *Ogden v. McChesney*, 41 Colo.App. 191, 584 P.2d 636 (1978).

In passing upon a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed, and every reasonable inference to be drawn from the evidence presented is to be considered in the light most favorable to that

party. *Ricklin v. Smith,* 670 P.2d 1239 (Colo.App.1983).

■ Section 10–4–714(1) allows a party to recover in tort only after certain threshold requirements are met. One such requirement, set out in § 10–4–714(1)(e), C.R.S. (1987 Repl.Vol. 4A), is that the accident cause a "reasonable need for [medical] services ... having a reasonable value in excess of $2,500." *See Jones v. Cox,* 828 P.2d 218 (Colo.1992). Here, plaintiffs contend that their testimony alone was sufficient to meet this requirement. We disagree.

At trial, Linda Jorgensen testified as follows:

PLAINTIFFS' ATTORNEY: Now, you've seen doctors since the accident?

MS. JORGENSEN: Yes, I have.

PLAINTIFFS' ATTORNEY: And can you give us the names of the doctors that you've seen?

MS. JORGENSEN: Well, I added up my medical bills the other day and they were around $7,000.

This was the only evidence plaintiffs introduced relating to Linda Jorgensen's medical bills; they did not introduce any testimony that there was a reasonable need for the medical services.

Similarly, plaintiffs did not present any testimony that there was a reasonable need for the medical services Daniel Jorgensen received. The only evidence that was introduced at trial concerning his medical bills was as follows:

PLAINTIFFS' ATTORNEY: Give me the names of all the doctors that you've seen.

MR. JORGENSEN: Dr. Britton, Dr. Hammerberg, Dr. Hinman, Dr. Ceriani, Dr. Rupp, Dr. Cletcher. And there's a lot of—there's a lot of doctors. I've got $9,000 worth of bills.

Defendant's attorney objected to this testimony, and the court sustained the objection.

Moreover, although the plaintiffs attempted to introduce into evidence their actual medical bills, defendant successfully objected on the basis that plaintiffs had failed to establish that they were reasonably and necessarily incurred as a result of the accident.

We perceive no error in the trial court's finding that the plaintiffs' testimony alone was insufficient to meet the statutory requirement at issue here. Plaintiffs testified only that their medical bills totalled a certain amount. While this testimony may have been sufficient to show a reasonable *value* of the medical services rendered, *see Kendall v. Hargrave,* 142 Colo. 120, 349 P.2d 993 (1960), we conclude that it was insufficient to show a reasonable *need* for those services as required by the statute.

Nor are we persuaded by plaintiffs' contention that *Pyles–Knutzen v. Board of County Commissioners,* 781 P.2d 164 (Colo.App.1989) requires a different result. In *Pyles–Knutzen,* plaintiff testified at trial that he had incurred over $7,000 in medical bills for treatment of injuries he sustained in an accident. The court found that plaintiff's testimony was admissible as evidence of the reasonable value of the medical services rendered; however, it did not find that this testimony alone was sufficient evidence of the reasonable need for those services.

Moreover, in *Pyles–Knutzen,* one of plaintiff's treating physicians testified as to the permanency of plaintiff's injuries. Thus, in that case, the plaintiff met the threshold requirements by proving he had a permanent disability. *See* § 10–4–714(1)(c), C.R.S. (1987 Repl.Vol. 4A).

■ We also reject plaintiffs' contention that the burden shifted to defendant to show that plaintiffs' medical services were unreasonable or unrelated to the accident. A plaintiff bears the burden of proving the elements of his or her case. *See Exchange National Bank v. Sparkman,* 191 Colo. 534, 554 P.2d 1090 (1976). And, although concededly, there is dictum in *Pyles–Knutzen* suggesting otherwise, we decline to depart from this long settled principle.

In sum, the plaintiffs failed to prove a reasonable need for their medical services, and therefore, the court did not err in finding they had failed to meet the statutory

threshold as required to maintain their cause of action. Accordingly, the trial court correctly granted defendant's motion for a directed verdict.

 Finally, plaintiffs contend that the trial court erroneously excluded the testimony of their vocational rehabilitation expert. However, even assuming, *arguendo*, the trial court erred in this respect, we conclude that this expert's opinion would not have satisfied the threshold requirements of § 10–4–714. Thus, the court's error, if any, was without significance.

## II.

 On cross-appeal, defendant contends that the trial court erred in failing to award all costs incurred by defendant after plaintiffs rejected his offer of settlement. We disagree.

Section 13–17–202(1)(a)(II), C.R.S. (1991 Cum.Supp.) provides that if a defendant makes an offer of settlement which is rejected by the plaintiff and the plaintiff thereafter does not recover a final judgment in excess of the amount offered, the court must award defendant actual costs accruing after the offer of settlement.

Here, at the hearing on defendant's bill of costs, defendant requested actual costs of $4,472.90. However, the court found that certain of the costs were not reasonable and awarded defendant only partial costs. Defendant contends that the statute does not give the trial court discretion in awarding costs.

The issue before us is one of first impression in Colorado: Whether § 13–17–202(1)(a)(II) requires a court to award defendants *all* of their actual costs, or just those costs that the court finds reasonable. We hold that § 13–17–202(1)(a)(II) requires only an award of reasonable costs.

In interpreting a statute, a reviewing court must presume that the General Assembly intended a just and reasonable result and must seek to avoid an interpretation that leads to an absurd result. *People v. Pflugbeil*, 834 P.2d 843 (Colo.App.1992). The interpretation urged by defendant here would lead to unjust and absurd results because it would allow a defendant to incur unreasonable costs and then claim an entitlement to them.

Accordingly, we hold that a court, in its discretion, may disallow costs which it finds unreasonable. *See* § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) (trial court may award reasonable attorney fees); *Cf. Dorrance v. Family Athletic Club*, 772 P.2d 667 (Colo.App.1989) (awarding of costs pursuant to § 13–16–122, C.R.S. (1987 Repl. Vol. 6A) is at the discretion of the trial court). *See also Fenton v. Fibreboard Corp.*, 827 P.2d 564 (Colo.App.1991) (trial court must make findings which establish the basis upon which it arrived at its determination of the reasonableness of defendant's costs).

The judgment in favor of defendant and the order relative to defendant's costs are affirmed.

SMITH and CRISWELL, JJ., concur.