John A. PINELL, Jr., Plaintiff–Appellant,

v.

Julia L. McCRARY, Defendant–Appellee.

No. 91CA1365.

Colorado Court of Appeals, Div. I.

Sept. 10, 1992.

As Modified on Denial of Rehearing Oct. 15, 1992.

Certiorari Denied April 12, 1993.

Melat, Pressman, Ezell & Higbie, Alan Higbie, Robert J. Frank, Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Rector & Johnson, Neil C. Bruce, Amelia L. Klemme, Colorado Springs, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this negligence action to recover damages for injuries allegedly sustained in an automobile accident, plaintiff, John A. Pinell, Jr., appeals from the judgment entered in favor of defendant, Julia LaMeck McCrary. We affirm.

At trial, plaintiff claimed that he had suffered permanent injuries to his neck, back, and hip, and he sought only noneconomic damages for pain and suffering, inconvenience, and loss of enjoyment of life. In support of his claim, plaintiff presented testimony from an osteopath who began treating plaintiff approximately three months after the accident. According to the osteopath, plaintiff was diagnosed as suffering from sprains to his neck and back, degenerative joint disease in his back and hip, and persistent headaches. The osteopath also concluded that plaintiff had suffered some degree of permanent impairment.

In response, defendant presented testimony from plaintiff's regular treating physician, who stated that his examination several days after the accident indicated plaintiff had only sustained a cervical sprain. Defendant also presented testimony from an independent medical examiner, who had conducted an examination approximately two years after the accident. Based on this examination, the physician concluded that plaintiff had sustained soft tissue injuries to his neck and hip, with a residual permanent impairment.

Immediately prior to the submission of the case to the jury, the trial court directed a verdict on the issue of defendant's negligence. In conjunction with this ruling, the court refused to allow the jury to determine whether plaintiff had satisfied the threshold requirements set forth in § 10–4–714, C.R.S. (1987 Repl.Vol. 4A) for bringing a tort action under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) (No Fault Act). The court refused defendant's tendered instructions as to the threshold issue because, in its view, the evidence established that plaintiff had sustained a permanent disability and had incurred medical expenses of over $2,500. The court did not inform the jury of this ruling and submitted the issues of damages and causation to the jury.

By special verdict the jury found that (1) plaintiff had not sustained any damages, injuries, or losses, and (2) defendant's negligence had not caused any of the injuries, damages, or losses claimed by plaintiff. Accordingly, judgment was entered in favor of defendant.

### I.

Plaintiff argues that the court's determination that he met the statutory threshold under the No Fault Act was tantamount to directing a verdict in favor of plaintiff on the issue of injury and causation. He contends, therefore, that the jury's findings that plaintiff had not sustained damages and that defendant did not cause any injuries cannot stand. Further, he contends that, because the threshold issue had been determined as a matter of law, under *Villandry v. Gregerson,* 824 P.2d 829 (Colo. App.1991), he is entitled at minimum to certain noneconomic damages such as inconvenience and loss of time. We find no reversible error.

### A.

The No Fault Act modified the common law right to recover damages for injuries sustained in automobile accidents. Under No Fault, an insured receives direct benefits, regardless of fault, from the insurer for bodily injuries arising out of the use of a motor vehicle, but the insured is precluded from bringing a traditional tort action for other losses unless the accident has caused at least one of the following: (1) death; (2) dismemberment; (3) permanent disability or disfigurement; (4) certain losses of earning or earning capacity; or (5) reasonable and necessary medical expenses in excess of $2,500. Section 10–4–714(1).

■ This statutory threshold is an essential condition of a plaintiff's right to recover damages in a negligence action, and the plaintiff therefore has the burden of pleading and proving facts which establish that one of the threshold criteria has been met. *Jorgensen v. Heinz,* 847 P.2d 181 (Colo. App.1992). *See CJI–Civ.3d* 11:19 (1988) (at least one of the statutory threshold requirements "must be established in order for the plaintiff to avoid the immunity from liability the act otherwise provides a tortfeasor").

In order to satisfy this burden, a plaintiff must establish not only that he or she actually sustained an injury within the class of injuries specified by the statute or incurred expenditures of $2,500, *see Jorgensen v. Heinz, supra,* but also that the claimed injury or expenditures were caused by the accident at issue. *See* § 10–4–714(1), C.R.S. (1987 Repl.Vol. 4A).

### B.

Plaintiff argues that the jury verdict must be set aside because it is in conflict with the trial court's directed verdict on threshold. Because we conclude that the trial court's refusal to submit defendant's tendered instruction on threshold was in error, we disagree.

■ Whether a plaintiff has met the statutory threshold is usually a question of fact. *See Williams v. Dulaney,* 331 Pa.Super. 373, 480 A.2d 1080 (1984). Therefore, that issue may be resolved by a directed verdict only if the evidence regarding the extent and the cause of the alleged injury is so clear that reasonable persons could not arrive at a contrary verdict. C.R.C.P. 50; *Jorgensen v. Heinz, supra; cf. DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986).

C.R.C.P. 50 also provides that an order directing a verdict "is effective without any assent of the jury." Thus, if a trial court appropriately directs a verdict on an issue, a jury's subsequent verdict to the contrary cannot stand. *See Reno Sales Co. v. Pritchard Industries, Inc.,* 178 F.2d 279 (7th Cir.1949) (directed verdict is effective even if jury disagrees with determination and refuses to sign the verdict); Blume, *Origin and Development of the Directed Verdict,* 48 Mich.L.Rev. 555 (1950).

■ Here, the trial court refused to instruct the jury on the threshold issue because the court viewed the testimony of the independent medical examiner as having "clearly established" that plaintiff had suffered a permanent disability. We disagree with that view of the testimony.

During his testimony, the physician stated that the discomfort arising from the soft tissue injuries in plaintiff's neck and hip was not "disabling for his normal routine of living," and that plaintiff could attempt to control his discomfort with aspirin. In addition, although the physician stated that plaintiff's symptoms could be aggravated by strenuous physical activity, he was unable to form an opinion as to whether such activity would necessarily cause plaintiff to suffer pain. Thus, this testimony raised a factual issue regarding whether plaintiff's soft tissue injuries rose to the level of a permanent disability.

■ As an alternative basis for its finding that plaintiff had met the threshold, the trial court noted that there was no dispute that plaintiff had incurred at least $2,500 for medical services during his treatment by the osteopath. However, it is not sufficient that plaintiff incurred $2,500 in medical services. Section 10–4–714(1) requires specifically that the $2,500 in medical expenses incurred must be for injuries *caused by the accident.* In other words, that plaintiff incurred medical expenses which have been paid as direct benefits by his insurance carrier pursuant to §§ 10–4–706 and 10–4–707 does not in and of itself answer the question of whether the medical expenses were caused by the accident. *See Jorgensen v. Heinz, supra.*

Here, defendant denied that *any* of plaintiff's injuries were caused by the accident, and the record indicates that much of the osteopath's treatments were directed at plaintiff's degenerative joint disease, which was a preexisting injury not caused by the accident.

Since reasonable minds could have differed on whether plaintiff met statutory threshold, the issue was not appropriately resolved by directed verdict. *See Jorgensen v. Heinz, supra; DiFranco v. Pickard, supra.*

### C.

■ Despite its ruling on the threshold issue, the trial court, with no objection from plaintiff, submitted the issue of causation to the jury. And, with record support, the jury found that the negligence of the defendant was not a cause of any of the injuries claimed by the plaintiff.

Therefore, although the trial court's directed verdict on threshold was in error, the error was harmless. *See Roberts v. C & M Ready Mix Concrete Co.,* 767 P.2d 769 (Colo.App.1988).

Because we have determined that the ruling was in error and that the jury, nonetheless, properly resolved the causation issue, we need not address either plaintiff's contention that the trial court's finding that threshold had been met as a matter of law required the jury, under the reasoning of *Villandry v. Gregerson, supra,* to award noneconomic damages "usually attendant to those involved in meeting threshold," or defendant's contention that *Villandry* was wrongly decided.

### II.

■ Finally, plaintiff contends the uncontradicted medical testimony at trial clearly established that he suffered some type of compensable injury as a result of the accident. Plaintiff therefore argues that the jury's verdict must be set aside because the jury improperly disregarded the evidence and the court's instructions. We disagree.

Here, although all three medical experts who testified at trial agreed that plaintiff

had sustained injuries as a result of the accident, they were largely unable to agree as to the nature and extent of those injuries. And, as we have already noted above, when plaintiff consulted his treating physician during the three-month period following the accident, his complaints were limited to pain and stiffness in the area of his neck. Later, when plaintiff consulted the osteopath, he was diagnosed as suffering from additional injuries consisting of a back sprain and degenerative joint disease in the area of his back and his hip. However, this diagnosis was contradicted by the testimony of the independent medical examiner, who concluded that, at most, plaintiff had sustained soft tissue injuries in the area of his neck and his hip.

In summary, the three medical experts were able to agree only that plaintiff had suffered a soft tissue injury in the area of his neck as a result of the accident. Their opinions were based on their assessment of plaintiff's subjective complaints of pain as well as on some objective findings—x-rays showing straightening of the lordotic curvature and examinations indicating limitation of motion of the neck—which were consistent with those complaints.

However, as the ultimate fact-finder, the jury was not required to accept the experts' assessment of plaintiff's complaints. Moreover, it was entitled to disbelieve plaintiff's subjective complaints, or to believe that the decreased curvature and range of motion were caused by other factors, *see Martinez v. Shapland,* 833 P.2d 837 (Colo.App.1992), when evaluating the experts' conclusions. Thus, contrary to the assertion of plaintiff, the judgment of the medical experts was not necessarily conclusive on the jury. *See Muhe v. Mitchell,* 166 Colo. 108, 442 P.2d 418 (1968); *Odenbaugh v. County of Weld,* 809 P.2d 1059 (Colo.App.1990).

The judgment is affirmed.

STERNBERG, C.J., and NEY, J., concur.