COLORADO COURT OF APPEALS           **2017COA36**

Court of Appeals No. 16CA0224
City and County of Denver District Court No. 14CV34778
Honorable Morris B. Hoffman, Judge

Faith Leah Tancrede,

Plaintiff-Appellant,

v.

Duane Freund and Denver East Machinery Company,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE TERRY
Furman and Kapelke*, JJ., concur

Announced March 23, 2017

The Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, for Plaintiff-Appellant

Howard Jensen & Dulaney LLC, William B. Dulaney, Colorado Springs, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1     Does the Premises Liability Act (PLA), section 13-21-115, C.R.S. 2016, provide the sole legal remedy for a plaintiff involved in an automobile collision with a defendant landowner on the landowner's private property?  We conclude that the answer to this question is "yes."  Plaintiff, Faith Leah Tancrede, who claims that she was injured in the collision, was a trespasser on the land and did not allege a willful or deliberate injury.  We therefore affirm the summary judgment entered in favor of the landowners, Denver East Machinery Company (DEMC) and Duane Freund, owner and president of DEMC.

## I.  Background

¶ 2     It is uncontested that defendants owned the private alley where the collision occurred and that plaintiff was a trespasser on that land.  Plaintiff was a passenger in a car that was traveling through the alley and collided with a DEMC truck driven by Freund.  A police accident report determined that Freund was at fault and drove carelessly when rounding a corner of the DEMC building without looking or slowing down.

¶ 3     Plaintiff asserted claims of negligence and negligence per se against defendants.  Defendants moved for summary judgment,

1

arguing that because the collision occurred on their private property, plaintiff was limited to asserting claims under the PLA. The trial court agreed and granted the motion. But plaintiff was permitted to amend her complaint to assert a claim under the PLA. After plaintiff filed the amended complaint, defendants again moved for summary judgment. The court determined that plaintiff was a trespasser, and that because she had not alleged a willful or deliberate injury, she was not entitled to relief. It once again granted summary judgment.

## II. The Premises Liability Act

¶ 4    Plaintiff contends that the PLA does not preclude her negligent driving claim against defendants, and that the court erred in entering the initial summary judgment against her. We disagree.

### A. Standards of Review

¶ 5    We review a summary judgment de novo. *CapitalValue Advisors, LLC v. K2D, Inc.*, 2013 COA 125, ¶ 14. Summary judgment is appropriate when the pleadings, affidavits, and other supporting documents demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c), (h); *Gibbons v. Ludlow,*

2013 CO 49, ¶ 11.  The nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the evidence, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Amos v. Aspen Alps 123, LLC*, 2012 CO 46, ¶ 13.

¶ 6      We also review the construction of a statute de novo.  *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223 (Colo. 2005).  In interpreting a statute, our primary goals are to discern and give effect to the General Assembly's intent.  *Krol v. CF & I Steel*, 2013 COA 32, ¶ 15.  We look first to the statutory language, giving the words and phrases used therein their plain and ordinary meanings.  *Id.*  We read the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute's language.  *Id.*  After doing this, if we determine that the statute is unambiguous, we enforce it as written and do not resort to other rules of statutory construction.  *Id.*

## B.  Discussion

¶ 7      The PLA limits the liability of landowners for injuries occurring on their property.  Under the statute, "[i]n any civil action brought

against a landowner by a person who alleges injury occurring while on the real property of another and by reason of . . . activities conducted . . . on such property, the landowner shall be liable only as provided in" section 13-21-115(3). § 13-21-115(2).

¶ 8 The PLA was intended to cover a broad range of activities occurring on a landowner's property, and the statute's application is not "restricted solely to activities and circumstances that are directly or inherently related to the land." *Larrieu v. Best Buy Stores, L.P.*, 2013 CO 38, ¶¶ 4, 26. The act compels us to inquire whether (1) the injury occurred on the landowner's property and (2) the injury occurred by "reason of the property's condition or as a result of activities conducted or circumstances existing on the property." *Id.* at ¶ 4.

¶ 9 Because the PLA established "a comprehensive and exclusive specification of the duties landowners owe to those injured on their property," it preempts common law tort claims against landowners by specifying the duties owed to particular classes of injured plaintiffs. *Vigil v. Franklin*, 103 P.3d 322, 328-29 (Colo. 2004); *see also Reid v. Berkowitz*, 2016 COA 28, ¶ 22 (PLA preempts respondeat superior claims against landowner); *Teneyck v. Roller*

*Hockey Colo., Ltd.*, 10 P.3d 707, 708, 710 (Colo. App. 2000) (claim for spectator injury resulting from errant hockey puck was governed by PLA rather than common law "no duty" rule); *cf. Traynom v. Cinemark USA, Inc.*, 940 F. Supp. 2d 1339, 1358 (D. Colo. 2013) (applying Colorado law and holding that PLA precluded claims of negligent training and supervision filed against movie theater's owner).

¶ 10 Tort claims that are preempted by the PLA include claims of negligence per se against landowners for damages occurring on the landowners' premises. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 574 (Colo. 2008).

¶ 11 The collision that allegedly injured plaintiff occurred on private property owned by defendants. Their potential liability is governed solely by the PLA if the "injury occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property." *Larrieu*, ¶ 4. Freund's affidavit shows that he was moving the truck between two loading docks on DEMC's property. Plaintiff could not have been harmed by defendants' activities unless she was on their property, and her injury occurred because of "activities conducted" on the property.

She does not contest her status as a trespasser under the PLA, nor does she contest the trial court's determination that defendants did not act willfully or deliberately. Given the undisputed facts, the PLA preempts her common law claims of negligence and negligence per se. *See id.*; *Lombard,* 187 P.3d at 574; *Vigil,* 103 P.3d at 328-29.

¶ 12 Citing *Union Pacific Railroad Co. v. Martin,* 209 P.3d 185, 189 (Colo. 2009), plaintiff argues that the PLA is "limited to the abrogation of common law doctrines affecting the duties of landowners." She contends that suing Freund directly and DEMC vicariously as motor vehicle drivers does not implicate a landowner duty, and so her negligence claims should stand. But plaintiff's argument contradicts the supreme court's holding in *Larrieu* that the PLA's applicability is not restricted solely to activities directly related to the land. *See Larrieu,* ¶ 4. Her claimed injury arose from activities conducted on the property while she was present there, and her claim is therefore barred. *See id.*

¶ 13 Undaunted, plaintiff argues that Colorado's statutory scheme regulating motor vehicles, including the careless driving statute, section 42-4-1402, C.R.S. 2016, provides an alternative avenue

through which she can directly sue defendants as drivers for negligence per se. It is true that specific statutory remedies may in some cases provide a legal avenue for injured parties in addition to the PLA. *See Legro v. Robinson*, 2012 COA 182, ¶¶ 22, 25 (holding that the PLA did not abrogate a specific civil cause of action under Colorado's dog bite liability statute), *aff'd*, 2014 CO 40.

¶ 14     But the careless driving statute does not create a cause of action against automobile drivers. Instead, it lays out the elements of a misdemeanor traffic offense. *See* § 42-4-1402. Plaintiff suggests that because a violation of the careless driving statute constitutes negligence per se under existing precedent, her negligence per se claim should stand. *See Pyles-Knutzen v. Bd. of Cty. Comm'rs*, 781 P.2d 164, 169 (Colo. App. 1989). We disagree. The PLA abrogated traditional tort claims by specifying the only duties landowners owe to those injured on their property, *see Vigil*, 103 P.3d at 328-29, and among the claims precluded are negligence per se claims, *see Lombard*, 187 P.3d at 574.

¶ 15     Because the collision arose out of activities conducted on defendants' property, we conclude that the PLA alone governed plaintiff's claims, and as the trial court ruled, plaintiff was a

trespasser who could only recover if she could demonstrate that defendants injured her willfully or deliberately. § 13-21-115(3)(a). Because she made no such allegations, the court properly dismissed her claims.

## III. Attorney Fees

¶ 16    Defendants ask for an award of their attorney fees related to this appeal. Because they have not stated any legal basis for their fee request, we deny it. *See* C.A.R. 39.1.

## IV. Conclusion

¶ 17    The judgment is affirmed.

JUDGE FURMAN and JUDGE KAPELKE concur.