23CA0773 Blackwell v Gautier 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0773
City and County of Denver District Court No. 19CV25
Honorable Jill Dorancy, Judge
Honorable Sarah Wallace, Judge

---

Brian B. Blackwell,

Plaintiff-Appellant,

v.

Grace E. Gautier,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Law Offices of Wesley W. Hoyt, Wesley W. Hoyt, Englewood, Colorado, for
Plaintiff-Appellant

Dylan G. Lewis, Madison, Wisconsin, for Defendant-Appellee

¶ 1     After plaintiff, Brian B. Blackwell, fell on the icy sidewalk in front of the home of defendant, Grace E. Gautier, he sued her, claiming injuries under the Colorado Premises Liability Act (PLA). The jury returned a verdict in favor of Gautier.

¶ 2     On appeal, Blackwell contends that the trial court erred by rejecting his tendered jury instruction concerning a landowner's duty to trespassers under the PLA. We disagree and therefore affirm.

## I.     Legal and Factual Background

¶ 3     The PLA limits the liability of landowners for injuries that occur on their property. *Tancrede v. Freund*, 2017 COA 36, ¶ 7. Under the statute, a landowner's duty of care, and therefore her potential liability, depends on the plaintiff's status as a trespasser, licensee, or invitee. § 13-21-115(3)-(4), C.R.S. 2024.

- A trespasser may recover only for damages willfully or deliberately caused by the landowner. § 13-21-115(4)(a).

- A licensee may recover only for damages caused by the landowner's unreasonable failure to (1) exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew or

(2) warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of which the landowner actually knew. § 13-21-115(4)(b).

- An invitee may typically recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew or should have known. § 13-21-115(4)(c).

*See Jordan v. Panorama Orthopedics & Spine Ctr., PC*, 2015 CO 24, ¶ 18.

¶ 4 Blackwell's operative complaint alleged that on a winter evening in 2017, he "slipped and fell on black ice" on the sidewalk in front of Gautier's home. He asserted that many years earlier, as part of a renovation project, Gautier had added a steeper driveway, which increased the slope at the intersection of the sidewalk. As a result, melted snow accumulated and then froze on the portion of the sidewalk that intersected with the driveway. The complaint identified the "black ice" as the "danger" or "hazard" that caused Blackwell's injuries.

¶ 5    The parties agreed that Gautier was a landowner under the PLA, but they disputed Blackwell's status. Blackwell argued he was an invitee, while Gautier said he was a licensee. As required under the PLA, the trial court resolved the dispute pretrial, concluding that, as a matter of law, Blackwell was a licensee — a point that Blackwell had by then conceded.

¶ 6    At trial, Blackwell's lawyer asserted during the opening statement that Gautier knew the snow on that portion of the sidewalk was likely to freeze and "create a hazard" for pedestrians, yet she failed to take reasonable steps to prevent the dangerous condition by, for example, applying "ice melt" to the sidewalk. In contrast, Gautier testified that her general practice was to shovel snow and apply ice melt on the sidewalk as soon as necessary, denying any knowledge of ice forming on the sidewalk on the evening that Blackwell fell. On cross-examination, she agreed with defense counsel that she had acted "deliberately" in "seeking to add the driveway to [her] garage in 1988."

¶ 7    Based on Gautier's testimony about the 1988 renovation, Blackwell's counsel tendered a jury instruction concerning a landowner's liability to a trespasser, on the theory that Gautier had

3

admitted that her "deliberate" conduct in constructing the driveway led to Blackwell's injuries. The instruction provided that Gautier would be liable if the jury found that "(1) [Blackwell] had injuries, damages or losses; (2) [Gautier] acted 'deliberately'; and (3) [Gautier's] 'deliberate conduct' was a cause of the plaintiff's injuries, damages or losses." The court refused to give the instruction because it had already ruled that Blackwell was a licensee and "[t]here [was] no evidence presented . . . that Ms. Gautier willfully or deliberately caused . . . someone to be hurt."

¶ 8    The jury determined that Blackwell had injuries but found that Gautier had not acted unreasonably with respect to a danger on the property. The trial court entered judgment in favor of Gautier.

## II.    Trespasser Instruction

¶ 9    Blackwell contends that the trial court erred by rejecting his tendered trespasser instruction. We disagree.

### A.    Standard of Review

¶ 10    The court must correctly instruct the jury on the law. *Reid v. Berkowitz*, 2013 COA 110M, ¶ 51. A party is entitled to a jury instruction if it is consistent with existing law and supported by

4

sufficient competent evidence. *Vititoe v. Rocky Mountain Pavement Maint., Inc.*, 2015 COA 82, ¶ 75.

¶ 11     We review de novo whether jury instructions accurately informed the jury of the governing law. *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011). But because trial courts have broad discretion to fashion the form and style of instructions, we review for an abuse of discretion a trial court's decision not to give a particular instruction. *Suydam v. LFI Fort Pierce, Inc.*, 2020 COA 144M, ¶ 10. A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *Id.*

### B.     Discussion

¶ 12     Section 13-21-115(5) states that "circumstances under which a licensee may recover include all of the circumstances under which a trespasser could recover and . . . the circumstances under which an invitee may recover include all of the circumstances under which a trespasser or a licensee could recover." According to Blackwell, that provision requires the trial court to give a trespasser instruction in every PLA case, regardless of the injured person's status under the statute. And, he argues, the trespasser

instruction would have made a difference here because he could have more easily proved Gautier's liability under that standard: unlike the licensee standard, which requires proof that the landowner acted unreasonably with respect to a danger that she knew about, the trespasser standard allows recovery even if the landowner was unaware of the danger, as long as she acted deliberately.

¶ 13    We see a number of problems with that argument. To point out an obvious one, we are unsure how a landowner could deliberately cause a person's injuries by way of a dangerous condition of which the landowner was unaware.

¶ 14    This leads to a second, related flaw in the argument — it is harder, not easier, to prove a landowner's liability to a trespasser than to a licensee. *See* § 13-21-115(2)(c)(I) ("The purpose of amending this section . . . was to . . . impos[e] on landowners a higher standard of care with respect to an invitee than a licensee and a higher standard of care with respect to a licensee than a trespasser . . . ."). Under the common law, a landowner had no duty to make or keep her premises safe for a trespasser. *See Staley v. Sec. Athletic Ass'n*, 380 P.2d 53, 54 (Colo. 1963), *overruled in part*

*by Mile High Fence Co. v. Radovich*, 489 P.2d 308 (Colo. 1971), *superseded by statute*, Ch. 109, sec. 1, § 13-21-115, 1986 Colo. Sess. Laws 683.  But in *Mile High Fence*, the Colorado Supreme Court introduced a new framework for landowner liability that focused not on the status of the injured person but on the reasonableness of the landowner's conduct in light of the foreseeability of injuries to others.  489 P.2d at 314.  When the legislature enacted the PLA, it reestablished the common law classifications so that responsibility for a trespasser's injuries "falls upon the trespasser," not the landowner.  *Gallegos v. Phipps*, 779 P.2d 856, 861 (Colo. 1989) (quoting Hearings on H.B. 1205 before the H. Comm. on Agric., Livestock, and Nat. Res., 55th Gen. Assemb., 2d Reg. Sess. (Feb. 5, 1986)).  Thus, under section 13-21-115(4)(a), a landowner is not liable to a trespasser "unless the landowner has willfully or deliberately caused the [trespasser's] injury."  *Id.* at 862.

¶ 15    Still, we need not delve too deeply into Blackwell's interpretation of section 13-21-115(5) because even if a plaintiff with a higher status might sometimes be entitled to a trespasser instruction — an issue we do not resolve — here, there was no

7

evidence to support one. And a trial court does not abuse its discretion by rejecting a tendered jury instruction lacking evidentiary support. *Suydam*, ¶ 11.

¶ 16    From the outset of the case, Blackwell has claimed that he fell and sustained injuries because of black ice on the sidewalk, or, reading the record as generously as possible, because of black ice on a steeper-than-average sidewalk. Therefore, contrary to Blackwell's argument on appeal, it was not enough to show that thirty years before the incident, Gautier deliberately designed a driveway that increased the grade of the sidewalk. To be liable under a trespasser standard, Gautier had to deliberately — meaning intentionally, *see* Merriam-Webster Dictionary, https://perma.cc/Y2MU-SF3Y (defining "deliberately" as an action performed "with full awareness of what one is doing: in a way that is intended or planned") — injure Blackwell; just creating a condition that, if coupled with another condition (of which she was unaware), might have caused a person to fall, possibly resulting in injuries, didn't meet that standard. *See Tancrede*, ¶ 15 (A trespasser can recover under the PLA only if he can demonstrate that the landowner "injured [him] willfully or deliberately."). The

point is, to be liable, Gautier had to intentionally injure or harm Blackwell.

¶ 17 There was not a scintilla of evidence that Gautier intentionally injured Blackwell. *See Suydam*, ¶ 11 ("[T]here must be more than a mere scintilla of evidence to support an instruction.") (citation omitted). Indeed, the jury found that she did not even negligently injure him.

¶ 18 Accordingly, we conclude that the trial court did not err by declining to give the tendered trespasser instruction.

### III. Disposition

¶ 19 The judgment is affirmed.

JUDGE YUN and JUDGE KUHN concur.